[No. 32814. Department One. April 22, 1954.]

THE STATE OF WASHINGTON, *on the Relation of Don Eastvold,*
*as Attorney General, Plaintiff,* v. THE SUPERIOR COURT
FOR SKAGIT COUNTY *et al., Respondents.*[1]

*The Attorney General* and *J. Arnold Cobley, Assistant,* for
relator.

*James S. Smith,* for respondents.

MALLERY, J.—The superior court of Skagit county dismissed the petition of the state of Washington for an order of public use and necessity in eminent domain proceedings, in which the state seeks to appropriate the right of way of drainage district No. 17, a municipal corporation in Skagit

[1]Reported in 269 P. (2d) 560.

county, for the purpose of converting existing primary state highway No. 1 to a four-lane limited access highway.

The state brought the matter before us on a writ of certiorari. The right of way of the drainage district is adjacent to the highway and is being used for drainage district purposes.

At the outset, it should be understood that we are not here passing upon either the right of a *municipal corporation* to exercise the power of eminent domain over public property, or the manner by which control of access to a limited access highway is exercised. We are concerned with the power of a sovereign state to condemn for highway purposes the property of a municipal corporation already devoted to a public use.

In support of the trial court's order of dismissal, the respondents contend that such property cannot be condemned for a different public use without express statutory authority. They marshall a formidable array of authorities to the effect that state property *in public use* is not subject to condemnation by municipal corporations.

These cases throw no light on our present question, because the state, acting as a sovereign, has many inherent powers not possessed by municipal corporations, and few of their limitations.

The respondents contend that the legislature by RCW 47-.12.040 [cf. Rem. Supp. 1943, § 6400-26], intended to deprive the highway authorities of the right to acquire property of municipal corporations by condemnation. The section reads:

"Whenever land owned by a county or other political or municipal subdivision of the state, which is not being used as a public highway, is needed for state highway purposes, the county or subdivision may give, sell, or lease it or any interest therein, to the state, without notice to the public or competitive bids, for such consideration as the governing body of the county or subdivision deems for its best interest. Such governing body may execute and deliver to the state a deed or other proper instrument necessary to convey the title to the land or interest therein to the state. Such instrument need not require consideration other than the

benefit which may be derived by the grantor through the use of the highway.

"If a state highway is established upon the former route of a county road, the board of county commissioners shall execute an instrument conveying to the state, title to so much of the former route as the director requires for highway purposes."

It is true, as respondents contend, that this section authorizes conveyances by municipal authorities of municipal property for highway purposes, and omits any mention of the right of condemnation.

■■ The answer to respondents' involved argument is that the highway authorities do not derive their power of condemnation from this section. It comes from RCW 47.52-.050 [*cf.* Rem. Supp. 1947, § 6402-63], which reads:

"For the purpose of this chapter the highway authorities of the state, counties, and incorporated cities and towns, respectively, or in cooperation one with the other, may acquire private or *public property* and property rights for limited access facilities and service roads, including rights of access, air, view, and light, by gift, devise, purchase, or condemnation, in the same manner as such authorities are now or hereafter may be authorized by law to acquire property or property rights in connection with highways and streets within their respective jurisdictions. . . ." (Italics ours.)

We think the legislature intended the term *public property* to mean property owned by some public body, not property in the public domain, as such, which is not devoted to public use. We are not here concerned with the state's right to reach property of the United States, a higher sovereign, but with that of a municipal corporation created by and subject to state sovereignty.

"The power of eminent domain does not depend for its existence on a specific grant in the Constitution. It is inherent in sovereignty and exists in a sovereign state without any recognition thereof in the Constitution. It is founded on the law of necessity. The provisions found in most of the state Constitutions relating to the taking of property for the public use do not by implication grant the power to the gov-

ernment of the state, but limit a power which would other-wise be without limit." 18 Am. Jur. 635, § 7.

Accordingly, we hold that the state highway authorities can condemn property of municipal corporations in public use.

On May 12, 1953, the highway authorities adopted the limited access proposal here in question, after due hearings as prescribed by RCW 47.52.072, 47.52.073, and 47.52.074, Laws of 1951, chapter 167, §§ 6, 7, 8, p. 453. The manner of taking an appeal from such an order is governed by RCW 47.52.075, Laws of 1951, chapter 167, § 9, p. 455, which reads:

"Any party to such hearing may petition for review in the superior court of *Thurston county* of any portion of such findings and order which affects property owned by him and may appeal from such superior court to the supreme court. If more than one owner desires a review, the court in its discretion may consolidate all cases in one proceeding. Such review and any appeal therefrom shall be considered and disposed of by said courts upon the record of the authority in the manner, under the conditions, and subject to the limitations, and with the effect specified in the public service commission law of this state, as amended." (Italics ours.)

It should be noted that such an appeal must be brought in the superior court of Thurston county. The respondents allowed the time for appeal to lapse. Now they ask if they can inject the issues of such an appeal into the instant eminent domain proceeding, which is governed by RCW 8.04-.010 [*cf.* Rem. Rev. Stat., § 891]. It reads, *inter alia:*

". . . the attorney general shall present to the *superior court of the county in which the land* . . . *is situated,* a petition in which the land . . . to be appropriated shall be described . . . and praying that a jury be impanelled to ascertain and determine the compensation to be made in money to such owner or owners . . ." (Italics ours.)

The pertinent statutes prevent eminent domain proceedings from being heard in the superior court of Thurston county unless the land in question is in that county. On the other hand, challenges to an order adopting a proposal

for a limited access highway cannot be made anywhere else. It follows that challenges to an order adopting a limited access proposal cannot be injected into an eminent domain proceeding.

The issues in an eminent domain proceeding are governed by RCW 47.12.010 [cf. Rem. Rev. Stat., Vol. 7A, § 6400-25, part], which reads:

"The director on behalf of the state may acquire by gift, purchase, or condemnation any property and property rights, including deposits of road materials and rights-of-way thereto, necessary for the construction, protection, and maintenance of state highways and for the safety and convenience of the public thereon. Condemnation actions shall be brought in the name of the state as provided for acquiring property for the public uses of the state, and in such actions *selection of the property* and property rights *by the director is conclusive that they are necessary for the purposes sought, in the absence of bad faith, or arbitrary, capricious, or fraudulent action.*" (Italics ours.)

The respondents did not raise any issue within the purview of the statute quoted above. It was, therefore, error to dismiss the state's petition.

We are aware of the differences between the wording of some of the RCW and the Rem. Rev. Stat. citations herein. These differences, however, are not relevant to or decisive of the questions here presented.

The order is reversed.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.